IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                Plaintiff,

  v.

KRISTEN RINDFLEISCH,

                Defendant.

ORDER

18-cv-1065-jdp

---

Plaintiff Mary Ann Nawrocki, appearing pro se, alleges that defendant Dr. Kristen Rindfleisch committed medical malpractice in examining her in conjunction with a workplace injury that she suffered.

This federal court cannot hear every type of case that a plaintiff might wish to bring. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Nawrocki alleges she was badly injured while working at Target.[1] She was seen for her injuries by defendant Dr. Rindfleisch, who initially diagnosed her with a permanent disability.

---

[1] Nawrocki has a separate lawsuit against Target Corporation. *See* Case No. 18-cv-50-jdp.

But after Target contacted Rindfleisch, she changed her diagnosis to say that Nawrocki could return to work without any restrictions, and she refused to treat Nawrocki further. Nawrocki says that Rindfleisch violated her rights under both federal and state law. She calls Rindfleisch's actions a "hate crime" because Nawrocki is African American, citing 18 U.S.C. § 249. But that is a criminal statute that does not give rise to a private right of action. *Harlson v. McKallip*, No. 17-2942, 2019 WL 2084440, at *1 (7th Cir. May 13, 2019).

The only potential claim I can discern from Nawrocki's complaint is a Wisconsin-law medical malpractice claim against Rindfleisch for either negligently or intentionally changing her diagnosis and then refusing to treat her. This means that Nawrocki needs to establish that she and Rindfleisch are citizens of different states. Nawrocki alleges that she was a Wisconsin citizen when she was injured, and that at the time of filing the complaint she resided in Texas. Since filing the case she has moved at least once, to California.

But for purposes of the diversity-jurisdiction analysis, Nawrocki can be the citizen of only one state at a time. *See* 13E Wright, Miller & Cooper, Federal Practice & Procedure, § 3612 (3d ed. 2010). And *residency* does not in itself mean citizenship; citizenship is determined by a person's domicile—their "long-term plan for a state of habitation." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

So Nawrocki needs to clarify what state she was a citizen of, specifically at the time she filed her complaint. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004). Factors one might consider when determining a party's domicile include:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile

2

registration; payment of taxes; as well as several other aspects of human life and activity.

13E Wright, Miller & Cooper, Federal Practice & Procedure, § 3612.

I will give Nawrocki a short time to respond to this order, explaining what state she was domiciled in when she filed her complaint. If she fails to respond to this order, I will dismiss the case for her failure to establish that this court has jurisdiction to consider it.

ORDER

IT IS ORDERED that plaintiff Mary Ann Nawrocki may have until July 16, 2019, to respond to this order regarding her citizenship at the time she filed her complaint.

Entered June 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge