IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                        Plaintiff,

    v.                                                               ORDER

KRISTEN RINDFLEISCH,                        18-cv-1065-jdp

                        Defendant.

---

Plaintiff Mary Ann Nawrocki, appearing pro se, alleges that defendant Dr. Kristen Rindfleisch committed medical malpractice in examining her in conjunction with a workplace injury that she suffered. In a June 25, 2019 order, I concluded that Nawrocki's complaint contained only state-law claims, so for this court to exercise diversity jurisdiction, she would need to clarify her citizenship at the time she filed her complaint. Dkt. 7.

Nawrocki has responded to my order and attaches various documents to that response. Dkt. 8. Most of Nawrocki's response is spent reiterating her claims against Rindfleisch, and the documents she attaches do not help in establishing her citizenship. The small portion of Nawrocki's response addressing the factors determining state citizenship doesn't resolve the question either. For instance, Nawrocki says that she is homeless and that she does not have any property, bank accounts, or memberships in organizations that might help to identify her citizenship. *Id.* at 3–4.

Nawrocki says that she has given the court all the information she has. But that is not entirely correct, because she has not told the court more directly what state she was a citizen of in December 2018, when she filed her complaint. Nawrocki alleges that she was a Wisconsin citizen when she was injured, and that at the time of filing the complaint she lived in Texas.

Since filing the case she moved at least once, to California. And she has recently submitted documents in this case by bringing them directly to the courthouse, which suggests that she again lives in Wisconsin. As I stated in my previous order, mere residence in a state does not necessarily mean that the person is a citizen of that state; citizenship is determined by a person's domicile—their "long-term plan for a state of habitation." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

So I will direct Nawrocki to respond again, this time limiting her response only to the issue of her citizenship—she does not need to explain her claims against Rindfleisch in any more detail at this point. She should say what state she considered herself to be a citizen of in December 2018. She should also explain her answer: that is, she should explain, in her own words, why she thinks that she was a citizen of Wisconsin, Texas, or any other state at that time. If she fails to respond to this order, I will dismiss the case for her failure to establish that this court has jurisdiction to consider it.

ORDER

IT IS ORDERED that plaintiff Mary Ann Nawrocki may have until July 31, 2019, to respond to this order regarding her citizenship at the time she filed her complaint.

Entered July 17, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge