```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF WISCONSIN
```

MARY ANN (SHAW) NAWROCKI,

                Plaintiff,

  v.

KRISTEN RINDFLEISCH,

                Defendant.

OPINION and ORDER

18-cv-1065-jdp

      Plaintiff Mary Ann Nawrocki, appearing pro se, contends that defendant Dr. Kristen Rindfleisch committed medical malpractice in treating Nawrocki after she suffered an injury while working at Target in 2009. Nawrocki says that Rindfleisch initially diagnosed her with a permanent disability, but after Target contacted Rindfleisch, she changed her diagnosis to say that Nawrocki could return to work without any restrictions, and she refused to treat Nawrocki further. This led to Nawrocki being denied workers compensation benefits, and Nawrocki says that she remains disabled because of the lack of treatment.

      Rindfleisch has filed a motion to dismiss the case, Dkt. 17, contending that Nawrocki filed this lawsuit beyond the three-year statute of limitations applying to medical malpractice claims in Wisconsin. Wis. Stat. § 893.55(1m)(a) (2009–10). Nawrocki alleges that she was injured on May 15, 2009, and that Rindfleisch sabotaged her treatment later that month. She filed this lawsuit in December 2018.

      In Wisconsin, a medical malpractice claim accrues—starting the statute of limitations—at the later of when the plaintiff suffers an injury or the plaintiff discovers the injury. *See Paul v. Skemp*, 2001 WI 42, ¶ 20, 242 Wis. 2d 507, 625 N.W.2d 860. Wisconsin courts apply the "physical injurious change" test to determine the date of injury in medical malpractice claims.

*See, e.g.*, *Doe 56 v. Mayo Clinic Health Sys.–Eau Claire Clinic, Inc.*, 2016 WI 48, ¶ 17, 369 Wis. 2d 351, 880 N.W.2d 681.

Rindfleisch says that under *Doe 56*, "a malpractice claim based on 'improper treatment' accrues 'on the date of the last physical touching by [the medical professional].'" Dkt. 17, at 3 (quoting *Doe 56*, 2016 WI 48, ¶¶ 19–20). That isn't an entirely correct summary of Wisconsin law. The injury inflicted in *Doe 56* was a sexual assault during a physical examination, an injury that occurred *during* the appointment. A physician's failure to treat or properly diagnose a medical problem could create a physical injurious change long after the appointment, or the plaintiff could discover the injury later. *See, e.g.*, *Paynter v. ProAssurance Wis. Ins. Co.*, 2019 WI 65, ¶ 90, 387 Wis. 2d 278, 929 N.W.2d 113 (claim accrued when plaintiff discovered cancer, years after misdiagnosis); *Paul*, 2001 WI 42, ¶¶ 41, 45 (physical injurious change was rupture of blood vessel two months after misdiagnosis regarding headaches).

But even though a medical malpractice claim can accrue after the date of the last medical appointment, there's no question that in this case, the claim accrued at Nawrocki's last appointment with Rindfleisch or shortly thereafter. Nawrocki alleges that she knew that she was permanently disabled when Rindfleisch examined her in May 2009, yet Rindfleisch refused to treat her and instead formally declared that Nawrocki could return to work without restriction. It's unclear from the complaint whether Rindfleisch directly refused to treat Nawrocki at that appointment or whether the refusal happened shortly thereafter, or exactly how long after the appointment Rindfleisch wrote her no-restriction letter. But it's clear that Nawrocki is alleging that she was harmed almost immediately by Rindfleisch's actions, far longer than three years before she filed her complaint.

Nawrocki has filed a series of documents responding to Rindfleisch's motion to dismiss. *See* Dkt. 21, 24, 25, 28. Ordinarily this court allows a party only one opportunity to respond to a motion. But even if I consider all of Nawrocki's filings, nothing in them suggests that Rindfleisch first injured her within three years of Nawrocki filing her complaint in December 2018. Nawrocki states that she is still within the statute of limitations because she is not yet healed from the 2009 injury. But I've already explained that this isn't how medical malpractice claims work in Wisconsin; her claim accrued when she was injured by Rindfleisch. *See Paul*, 2001 WI 42, ¶ 39 ("[O]nce a claimant has sustained an injury and has an enforceable claim, that claimant cannot sit on that claim until all consequential damages have come to fruition."). So I will grant Rindfleisch's motion to dismiss the case.

Nawrocki has also submitted a document titled "Reopen claim, first request," which appears to be a copy of a document she sent to the Wisconsin Department of Workforce Development, asking to reopen her application for workers compensation benefits. Dkt. 30. I will take no action on this document because it does not appear to be a request to this court. Even if it was, I've previously explained to Nawrocki that this court has no authority to award plaintiff workers compensation benefits. I'll dismiss the entire case because Nawrocki filed this lawsuit beyond the deadline for doing so under Wisconsin law.

ORDER

IT IS ORDERED that defendant Kristen Rindfleisch's motion to dismiss the case, Dkt. 17, is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered February 21, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge